UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ANTWON CORNETT,<br>    Petitioner, | Case No. 1:17-cv-624 |
| vs. | Barrett, J.<br>Bowman, M.J. |
| WARDEN, LONDON<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the London Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition, respondent's return of writ, and petitioner's reply. (Docs. 3, 6, 8).

## I. PROCEDURAL HISTORY

### State Trial Proceedings

On May 22, 2009, the Hamilton County, Ohio grand jury returned a ten-count indictment charging petitioner with five counts each of aggravated robbery and robbery. (Doc. 5, Ex. 1). On November 4, 2010, petitioner withdrew his former plea of not guilty and entered a guilty plea to five counts of aggravated robbery, with firearm specifications. In exchange for the plea, the prosecution agreed to dismiss the five robbery charges. The parties entered an agreed-upon sentence recommendation of a twenty-year aggregate prison sentence in the Ohio Department of Corrections. (Doc. 5, Ex. 3). On November 10, 2010, the trial court accepted the guilty plea and sentenced petitioner to the agreed-upon sentence. (Doc. 5, Ex. 5).

Petitioner did not seek a timely direct appeal from the trial court's sentence.

### Delayed Direct Appeal

On August 14, 2013, petitioner filed a notice of appeal, motion for appointment of counsel, motion for transcripts, and motion for leave to file a delayed appeal to the Ohio Court of

Appeals. (Doc. 5, Ex. 7, 8). In support of his motion, petitioner argued that he was unable to seek a timely direct appeal because he was imprisoned in Indiana, had limited access to the law library and Ohio legal resources, and he was unable to reach his attorney, who did not explain to him the appeal process or his right to appeal. (*See* Doc. 5, Ex. 8 at PageID 88). On September 18, 2013, the Ohio appeals court overruled petitioner's motion upon finding that "appellant has failed to provide sufficient reasons for failure to perfect an appeal as of right." (Doc. 5, Ex. 10).

Petitioner did not seek an appeal from the Ohio Court of Appeals' Entry to the Ohio Supreme Court.

## Post-Conviction Motions

Petitioner subsequently filed a discovery demand in the trial court and a motion to have his Ohio sentence run concurrently with an Indiana sentence, which was denied by the trial court. (Doc. 5, Ex. 11, 12, 13).

Petitioner and petitioner's trial counsel filed motions for transcripts. (Doc. 5, Ex. 14, 15). The trial court subsequently ordered that transcripts be provided to petitioner at the State's expense. (Doc. 5, Ex. 16).

On December 17, 2015, petitioner also filed a motion to compel production of documents. (Doc. 5, Ex. 17). It does not appear that the trial court ruled on the motion.

## Second Delayed Appeal Motion

Petitioner filed a second notice of appeal and motion to file a delayed appeal on January 30, 2017. (Doc. 5, Ex. 18, 19). In the motion, petitioner argued that his filing was untimely because he was in the Indiana State Prison until November 26, 2016, before he was transferred to an Ohio prison on November 29, 2016 to serve his Ohio sentence. Petitioner stated that he discovered he had a right to appeal at that time. (*See* Doc. 5, Ex. 19 at PageID 130). On

February 14, 2017, the Ohio Court of Appeals overruled his motion, finding that "Appellant has not adequately explained his reason for waiting more than six years to seek an appeal, and he does not cite any issues that he intends to raise if the court were to grant his motion for leave." (Doc. 5, Ex. 24).

On March 27, 2017, petitioner filed a pro se notice of appeal to the Ohio Supreme Court. (Doc. 5, Ex. 26). In his memorandum in support of jurisdiction, petitioner raised the following single proposition of law:

> Defendant-appellant should be afforded his right to direct appeal. The Appellate Court abused its discretion when it overruled defendant's/appellant Motion For Delayed Appeal, which defendant/appellant has of right. When the trial court and defendant's trial counsel failed to inform defendant/appellant of his right to direct appeal defendant/appellant constitutional rights were violated. If this court will respectfully take the time to look at the trial transcripts of the sentencing proceedings, it will prove that defendant/appellant was not informed of his right to direct appeal nor the right to have counsel appointed to him if he was indigent for such proceedings. If one's right to direct appeal and his right to court appointed counsel for such an appeal are to be afforded to any criminal defendant it is imperative that there be such a determination of such rights by appellate court. To rule otherwise, would be to make the appellant's right of direct appeal and his right to counsel for such a direct appeal merely sound and fury signifying nothing.

(Doc. 5, Ex. 27 at PageID 189). On July 7, 2017, the Ohio Supreme Court declined to accept jurisdiction over the appeal. (Doc. 5, Ex. 29).

Petitioner did not seek further review with the United States Supreme Court.

**Federal Habeas Corpus**

Petitioner commenced the instant habeas corpus action on September 12, 2017.[1] (*See* Doc. 1). In the petition, petitioner raises the following single ground for relief:

---

[1] Petitioner filed a motion for leave to proceed *in forma pauperis* in the action, which was received by the Court on September 18, 2017. (*See* Doc. 1). Petitioner avers, however, that he placed his petition in the prison mailing system for delivery to the Court on September 12, 2017. (*See* Doc. 1 at PageID 22). Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on September 12, 2017.

3

> **GROUND ONE**: Petitioner was denied equal protection and due process of the law when the District Court of Appeals denied petitioner leave to file a delayed appeal pursuant to Ohio Rules of Appellate Procedure Rule 5.
>
> Supporting facts: Petitioner's trial counsel and the trial court failed to advise him of his right to appeal and to have counsel appointed to represent him on appeal.

(Doc. 3 at PageID 29). Respondent has filed a return of writ in opposition to the petition. According to respondent, petitioner's ground for relief is not cognizable, petitioner procedurally defaulted and waived his claim, and the petition is time-barred. (*See* Doc. 6). Petitioner has filed a reply to the return of writ. (Doc. 8).

## II. THE PETITION SHOULD BE DENIED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, there is no evidence in the record in this case to suggest that the provisions set forth in §§ 2244(d)(1)(B) or (C) apply to petitioner's ground for relief. Petitioner has not

4

alleged that a State created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Petitioner's single ground for relief asserts that the Ohio Court of Appeals improperly denied his motion for a delayed appeal and that he was not advised of his right to appeal by the trial court or trial counsel.[2] Petitioner's first delayed appeal motion was denied on August 14, 2013, at which point he was undeniably aware of his right to appeal from his conviction and sentence. Accordingly, pursuant to § 2244(d)(1)(D), the limitations period began to run the following day, August 15, 2013 and expired one year later on August 15, 2014 absent the application of statutory or equitable tolling principles.

During the one-year limitations period, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review

---

[2] Although the undersigned recommends that the petition be dismissed on the ground that it is time-barred, it is further noted that petitioner has not stated a cognizable ground for relief to the extent that he claims his delayed appeal motion was improperly denied or that the Ohio courts otherwise erred under Ohio law. *See e.g. Crenshaw v. Hart*, No. 1:07-cv-575, 2008 WL 4877765, at *4 (S.D. Ohio Nov. 12, 2008) (finding that a claim that the Ohio Court of Appeals improperly denied his motion for delayed appeal under Ohio App. R. 5(A) addressed a collateral matter unrelated to the petitioner's detention and was therefore not cognizable in federal habeas corpus). In addition, the record belies petitioner's claim that he was not informed of his right to appeal. In entering his guilty plea, petitioner signed a plea form which acknowledged that "I understand my right to appeal a maximum sentence, my other limited appeal rights, and that any appeal must be filed within 30 days of my sentence." (Doc. 5, Ex. 3 at PageID 56).

proceedings can no longer serve to avoid the statute-of-limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

Assuming in petitioner's favor that his September 10, 2013 motion for transcripts tolled the limitations period from September 10, 2013 until February 10, 2014,[3] the limitations period ran 26 days—from August 15, 2013 until September 10, 2013—before his motion was filed. The limitations period began to run again on February 11, 2014 and expired 339 days later, on January 16, 2015.[4] Petitioner commenced the instant action on September 12, 2017, 970 days after the statute of limitations had run its course. Therefore, his habeas petition is time-barred unless equitable tolling principles apply to excuse the procedural bar to review.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d

---

[3] *Cf. May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (finding that the district court properly determined that the limitations period should not be tolled during the pendency of the petitioner's motions for transcripts); *Brisbon v. Cain,* No. 99-3078, 2000 WL 45872, *2 (E.D. La. 2000) ("Because [a motion for transcripts] is preliminary in nature and does not directly call into question the validity of a defendant's conviction or sentence, the Court does not believe that it qualifies as an '. . . application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ' so as to suspend the running of the one-year statute of limitations under § 2244(d)(2).")

[4] Because the limitations period had already expired before petitioner filed his December 17, 2015 motion to compel production of documents and January 30, 2017 second delayed appeal motion (Doc. 5, Ex. 17, 19), these motions do not serve to toll the limitations period. *See Vroman,* 346 F.3d at 602.

745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. Petitioner first claims that he is indigent and not an expert in law. (*See* Doc. 8 at PageID 279). He also claims that he was incarcerated in Indiana until November 2016, without adequate access to the law library and Ohio legal materials. (*Id.*). However, it is well-settled in the Sixth Circuit that petitioner's pro se status, lack of legal knowledge, or lack of access to legal materials are not sufficient to warrant equitable tolling. *See, e.g., Hall,* 662 F.3d at 750-51 (rejecting the petitioner's argument that he was entitled to equitable tolling because of his lack of access to the trial transcript, as well as his *pro se* status and limited law-library access); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)) ("this court has repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling'"); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("an inmate's lack of legal

7

training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations"); *Lacking v. Jenkins*, No. 2:15cv3069, 2016 WL 4505765, at *4 (S.D. Ohio Aug. 29, 2016) (Report & Recommendation) ("A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations."), *adopted*, 2016 WL 6125683 (S.D. Ohio Oct. 19, 2016), *appeal filed*, No. 16-4291 (6th Cir. Nov. 10, 2016); *Boyd v. Tibbals*, No. 2:13cv611, 2014 WL 1400978, at *3 (S.D. Ohio Apr. 10, 2014) (Report & Recommendation) (and numerous cases cited therein) ("A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prisons' law library or to legal materials together or alone do not provide a sufficient justification to apply equitable tolling of the statute of limitations."), *adopted*, 2014 WL 2931475 (S.D. Ohio June 30, 2014).

Petitioner has also argued that he was not informed of his right to appeal at sentencing. As noted above, petitioner's guilty plea form indicated that he was aware of his appellate rights. *See infra* n.1. In any event, in this case, the limitations period did not start to run until the factual predicate of petitioner's claim—the Ohio Court of Appeal's August 14, 2013 alleged improper denial of his delayed appeal motion—occurred. Petitioner was aware of his right to seek an appeal at this time. Accordingly, even if the Court were to toll the limitations period while he was unaware of his appellate rights, his petition is still untimely.

Finally, petitioner has neither argued nor otherwise demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . .

8

. new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). No such showing has been made in this case.

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254. Under the applicable provision set forth in 28 U.S.C. § 2244(d)(1)(D), and after taking into account the tolling of the statute under § 2244(d)(2), the statute of limitations began to run on August 15, 2013 and expired on January 16, 2015. Equitable tolling principles do not apply to further extend the limitations period or otherwise avoid the statute-of-limitations bar to review in this case. Therefore, the petition should be **DENIED** with prejudice on the ground that the petition, filed on September 12, 2017, is time-barred.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 3) be **DISMISSED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in Slack v. *McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[5]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,*

---

[5] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

ANTWON CORNETT,
    Petitioner,

vs.

WARDEN, LONDON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:17-cv-624

Barrett, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).