**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| Antwon Cornett, | ) |
| Petitioner, | ) Case No.: 1:17-cv-00624 |
| vs. | ) Judge Michael R. Barrett |
| Warden, London Correctional Institution, | ) |
| Respondent. | ) |

## ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation (Doc. 10) relating to Petitioner's, a state prisoner proceeding pro se, petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).

The parties received proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, which included notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. (Doc. 10); *see United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Petitioner filed timely objections (Doc. 19) and Respondent filed a response to Petitioner's objections (Doc. 20).

When the assigned district court judge receives objections to a magistrate judge's R&R on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). After that review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* The Magistrate Judge adequately summarized the procedural

background and pertinent facts of this case in the R&R and the same will not be repeated herein.

The Magistrate Judge found that the petition should be denied with prejudice, as it is time-barred, equitable tolling is not warranted, and Petitioner has neither argued nor otherwise demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. (Doc. 10). Petitioner asserts that the R&R "was incomplete," as he has shown "cause and prejudice" and "due diligence since filing motion for delayed appeal."[1] (Doc. 19 at PageID 321-22). He argues that the Ohio Court of Appeals employed "an objectively unreasonable application" of law when it overruled his motion for leave to file a delayed appeal. (*Id.* at PageID 323, 325-26). He repeats that he "was never advised of his right to appeal, of procedure and the time limits involved in effectuating the appeal, and of his right to appointed counsel on appeal." (*Id.* at PageID 324). He concludes that equitable tolling is warranted, because his prior incarceration in Indiana prevented him from appealing his Ohio sentence any earlier. (*Id.* at PageID 326).

After a de novo review of the filings in this matter, the Court finds that Petitioner's objections amount to nothing more than a mere disagreement with the R&R. Although he disagrees with the R&R, his objections simply restate the arguments found in his Petition and Reply and fail to present any new argument that convinces the Court that the Magistrate Judge erred in her findings and recommendation or that his petition should be granted. *Compare* (Docs. 3, 8), *with* (Doc. 19). *See* FED. R. CIV. P. 72(b)(3).

In light of the above, it is hereby **ORDERED** that the R&R (Doc. 10) is **ADOPTED**

---

[1] As the Magistrate Judge explained, Petitioner filed motions for leave to file a delayed appeal with the Ohio Court of Appeals on August 13, 2014 and again on January 30, 2017. (Doc. 10 at PageID 290-91). The Court assumes Petitioner is referencing his January 30, 2017 motion for leave. (Doc. 19 at PageID 322).

and the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 3) is **DISMISSED with prejudice**. Moreover, Petitioner is denied a certificate of appealability, because reasonable jurists would not disagree with the Court's conclusion, and Petitioner shall not be granted leave to appeal *in forma pauperis*, as the Court certifies that any appeal would be objectively frivolous.

**IT IS SO ORDERED.**

    _s/ Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court